# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDILFREDO CHAVEZ,<br><br>*Petitioner*,<br><br>vs.<br><br>ROBERT LEGRAND, *et al.,*<br><br>*Respondents.* | 3:14-cv-00373-RCJ-VPC<br><br>ORDER |

This habeas action by a Nevada state inmate comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, on his motion (#1-2) for appointment of counsel, and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.

The Court finds that appointment of counsel is in the interests of justice, considering: (a) the lengthy sentence structure including, *inter alia*, two consecutive sentences of 35 years to life starting from early 2007, such that the currently 43 year old petitioner likely will be incarcerated for life; (b) petitioner's allegation that he is unable to communicate in English, which is corroborated by the use of an interpreter in the state criminal proceedings and the apparent preparation of his current papers by another inmate; (c) the number and complexity of the potential procedural and substantive issues; and (d) the possibility that petitioner may have time remaining within the federal limitation period for federal habeas counsel to assert claims without relation back concerns prior to seeking other relief herein, subject to the

reservation made herein that the Court makes no conclusive determination regarding the limitation period.[1]

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[2] and the accompanying motion for appointment of counsel, noting the disposition herein of the motion.

IT FURTHER IS ORDERED that the motion (#1-2) for appointment of counsel is GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately one hundred twenty (120) days from entry of the formal order of appointment, subject to the represented petitioner's ability to seek such extension as petitioner believes to be advisable.[3] Any deadline established and/or any extension thereof

---

[1] In appointing counsel, the Court does not tacitly accept petitioner's argument that appointment is required because the prison uses a "paging system" for law library access. The mere fact that a prison uses a paging system for access to prison legal resources neither violates the Constitution nor automatically requires the appointment of federal habeas counsel. *See, e.g., Felix v. McDaniel*, 2012 WL 666742, No. 3:09-cv-00483-LRH-WGC, at *5-9 (D. Nev. Feb. 29, 2012). Judge Reed's decision in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007), does not hold to the contrary. *See* 508 F.Supp.2d at 861 ("The Court makes no broad, definitive holding of unconstitutionality herein . . . .").

[2] The filing of the petition does not signify that the petition is free of deficiencies.

[3] Nothing herein precludes petitioner from following a "two-step" procedure of filing a first amended petition within the limitation period with claims known at that time while seeking leave to file a second amended petition by a date certain to allow full completion of federal habeas counsel's investigation of the
(continued...)

1  will not signify any implied finding by the Court of a basis for tolling during the time period
2  established.  Petitioner at all times remains responsible for calculating the running of the
3  federal limitation period and timely presenting claims.  That is, by setting a deadline to amend
4  the petition and/or by granting any extension thereof, the Court makes no finding or
5  representation that the petition, any amendments thereto, and/or any claims contained therein
6  are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir.
7  2013).

8   IT FURTHER IS ORDERED, so that the respondents may be electronically served with
9  any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez
10 Masto as counsel for respondents and shall make informal electronic service of this order
11 upon respondents by directing a notice of electronic filing to her.  Respondents' counsel shall
12 enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
13 response shall be required from respondents until further order of this Court.

14  IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state
15 court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.

16  The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner, the
17 Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this
18 Division.  The Clerk further shall regenerate notices of electronic filing of all prior filings herein
19 to both the Nevada Attorney General and the Federal Public Defender.

20  DATED:  July 29, 2014.

_____
ROBERT C. JONES
United States District Judge

---

$^{3}$(...continued)
matter.  *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, #29 (D. Nev. May 29, 2014) (expressly approving and explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).