1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 EDILFREDO CHAVEZ,

9      Petitioner,                         3:14-cv-00373-RCJ-VPC

10 vs.
                                   **ORDER**

11 ROBERT LeGRAND, *et al.*,

12      Respondents.

13 _____/

14

15 <u>Introduction</u>

16      In this habeas corpus action, the respondents have filed a motion to dismiss, arguing that the

17 habeas petition includes unexhausted claims and must be dismissed, and the petitioner, Edilfredo

18 Chavez, has filed a motion for stay, seeking a stay of this action while he exhausts, in state court, his

19 unexhausted claims.  The court finds that Chavez's first amended petition for writ of habeas corpus

20 contains both claims exhausted in state court and claims not exhausted in state court.  The court

21 finds, further, that Chavez shows that a stay is warranted.  The court will stay this action pending

22 Chavez's return to state court to exhaust his unexhausted claims.

23 <u>Background</u>

24      On March 19, 2009, Chavez was convicted and sentenced as follows, after a jury trial, in

25 Nevada's Eighth Judicial District Court, of crimes committed against his wife's young sister:

26 Count 1, sexual assault with a minor under fourteen years of age, 420 months to life in prison;

1    Count 3, sexual assault with a minor under fourteen years of age, 420 months to life in prison,

2    consecutive to the sentence on Count 1; Count 4, sexual assault with a minor under fourteen

3    years of age, 420 months to life in prison, concurrent with the sentence on Count 3; Count 11,

4    statutory sexual seduction, 12 to 32 months in prison, concurrent with the sentence on Count 4;

5    Count 13, statutory sexual seduction, 12 to 32 months in prison, concurrent with the sentence on

6    Count 11; Count 15, statutory sexual seduction, 12 to 32 months in prison, concurrent with the

7    sentence on Count 13; Count 16, lewdness with a child under the age of fourteen, 120 months to life

8    in prison, concurrent with the sentence on Count 15; Count 19, lewdness with a child under the age

9    of fourteen, 120 months to life in prison, concurrent with the sentence on Count 16; Count 20, use of

10   a minor in producing pornography, 60 months to life in prison, concurrent with the sentence on

11   Count 19; Count 21, use of a minor in producing pornography, 60 months to life in prison,

12   concurrent with the sentence on Count 20; Count 22, possession of a visual presentation depicting

13   sexual conduct of a child, 12 to 36 months in prison, concurrent with the sentence on Count 21; and

14   Count 23, possession of a visual presentation depicting sexual conduct of a child, 12 to 36 months in

15   prison, concurrent with the sentence on Count 22.  *See* Judgment of Conviction, Exhibit 37.[1]

16        Chavez appealed.  *See* Notice of Appeal, Exhibit 40; Appellant's Opening Brief, Exhibit 42.

17   On May 12, 2011, the Nevada Supreme Court affirmed.  *See* Order of Affirmance, Exhibit 45.

18        On March 5, 2012, Chavez filed a petition for writ of habeas corpus in the state district court.

19   Exhibit 48.  Counsel was appointed for Chavez, and, with counsel, he filed supplemental points and

20   authorities in support of his habeas petition.  Exhibit 57.  The state district court held an evidentiary

21   hearing on December 18, 2012.  *See* Reporter's Transcript of Evidentiary Hearing, Exhibit 59.  The

22   state district court denied the petition in a written order entered on February 7, 2013.  *See* Findings

23   of Fact, Conclusions of Law and Order, Exhibit 61.  Chavez appealed.  *See* Notice of Appeal,

24   Exhibit 63; Docketing Statement, Exhibit 65; Appellant's Opening Brief, Exhibit 66; Appellant's

25

26        [1]  The exhibits referred to in this order were filed by petitioner, and are found in the record at
     ECF Nos. 10-19.

1   Reply Brief, Exhibit 68.  The Nevada Supreme Court affirmed on June 24, 2014.  *See* Order of

2   Affirmance, Exhibit 71.

3          On July 17, 2014, this court received from Chavez, for filing, a *pro se* federal petition for

4   writ of habeas corpus.  *See* Petition for Writ of Habeas Corpus (ECF No. 4).  The court subsequently

5   appointed counsel for Chavez.  *See* Order entered July 31, 2014 (ECF No. 3).  With counsel, Chavez

6   filed a first amended habeas petition on December 23, 2014 (ECF No. 9).  Chavez's first amended

7   petition, which is now his operative habeas petition, includes seven claims, designated Grounds 1, 2,

8   3A, 3B, 3C, 4A and 4B.

9          On February 19, 2015, respondents filed a motion to dismiss (ECF No. 20).  Chavez filed an

10  opposition to the motion to dismiss (ECF No. 22), and respondents filed a reply (ECF No. 26).

11  Chavez then filed a surreply (ECF No. 31), and respondents filed a response to the surreply

12  (ECF No. 32).  The motion to dismiss is before the court and ready for resolution.

13         On May 7, 2015, Chavez filed a motion for stay (ECF No. 23).  Respondents filed an

14  opposition to the motion for stay (ECF No. 27), and Chavez filed a reply (ECF No. 28).  The motion

15  for stay is also before the court and ready for resolution.

16  Discussion

17         Motion to Dismiss

18         In their motion to dismiss, respondents argue that Chavez's first amended petition should be

19  dismissed because Grounds 1, 3C, 4A and 4B are unexhausted in state court (ECF No. 20).[2]

20         A federal court may not grant habeas corpus relief on a claim not exhausted in state court.

21  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is

22  intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*

23

24         [2]  Respondents do not, in their motion to dismiss, contest Chavez's exhaustion of Grounds 2, 3A
    and 3B.  Chavez argues that respondents' silence in that regard constitutes a waiver.  *See* Surreply in
25  Opposition to Motion to Dismiss (ECF No. 31).  However, under 28 U.S.C. § 2254(b)(3), "[a] State shall
    not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the
26  requirement unless the State, through counsel, expressly waives the requirement."  Respondents have
    not waived the exhaustion requirement regarding any of Chavez's claims.

*Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

The question of Chavez's exhaustion of claims in state court is controlled by the claims that he asserted on his direct appeal (*see* Appellant's Opening Brief, Exhibit Exhibit 42), and on the appeal in his state habeas action (*see* Appellant's Opening Brief, Exhibit 66; Appellant's Reply Brief, Exhibit 68).

<u>Ground 1</u>

In Ground 1 of his first amended petition, Chavez claims that "[t]rial counsel rendered ineffective assistance of counsel, under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to adequately advise Chavez of the dangers of non-acceptance of the State's plea offer." First Amended Petition (ECF No. 9), p. 9. Chavez did not assert this claim on either his direct appeal or the appeal in his state habeas action. *See* Appellant's Opening Brief, Exhibit 42; Appellant's Opening Brief, Exhibit 66; Appellant's Reply Brief, Exhibit 68. Ground 1 is, therefore, unexhausted in state court. Chavez concedes as much. *See* First Amended Petition, p. 10; Opposition to Motion to Dismiss (ECF No. 22), p. 3.

<u>Ground 2</u>

In Ground 2, Chavez claims: "Chavez's rights to Due Process, Equal Protection and a fair and impartial jury under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated based on the State's use of peremptory challenges in a racially discriminatory manner." First Amended Petition, p. 12. Chavez asserted this claim on his direct

appeal.  *See* Appellant's Opening Brief, Exhibit 42, pp. 5-6.  Ground 2 has been exhausted in state court.

#### Ground 3A

In Ground 3A, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because "[t]rial counsel was ineffective for failing to argue the State had impermissibly exercised its peremptory challenges in a discriminatory manner on the basis of gender."  First Amended Petition, p. 19.  Chavez asserted this claim on the appeal in his state habeas action.  *See* Appellant's Opening Brief, Exhibit 66, pp. 40-42, 45.  Ground 3A has been exhausted in state court.

#### Ground 3B

In Ground 3B, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because "[t]rial counsel was ineffective when he failed to object when the State argued that K.P. could not consent due to her age."  First Amended Petition, p. 21.[3]  Chavez asserted this claim on the appeal in his state habeas action.  *See* Appellant's Opening Brief, Exhibit 66, p. 2.  Ground 3B has been exhausted in state court.

#### Ground 3C

In Ground 3C, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because "[t]rial counsel was ineffective when he failed to conduct an adequate investigation."  First Amended Petition, p. 23.  Specifically, Chavez claims that his counsel did not adequately investigate potential defense witnesses Alma Pattarroyo and Wendy Linares.  *See id*. at 23-25.

Chavez made such a claim, on the appeal in his state habeas action, with respect to his trial counsel's alleged failure to investigate Alma Pattarroyo.  *See* Appellant's Opening Brief, Exhibit 66, p. 1.  This part of Ground 3C has been exhausted in state court.  Respondents argue that Ground 3C,

---

[3]  Because the victim in this case was a minor when the crimes occurred, Chavez refers to her as "K.P."  This court does the same.

1   regarding counsel's investigation of Alma Pattarroyo, is unexhausted in state court because Chavez

2   proffers in this court an affidavit (Exhibit 73) that he did not present in state court.  That affidavit,

3   however, does not fundamentally alter the claim, and does not render Ground 3C unexhausted.[4]

4        Chavez did not, on the appeal in his state habeas action, claim that his counsel was

5   ineffective for failing to adequately investigate Wendy Linares.  *See*  Appellant's Opening Brief,

6   Exhibit 66.  Therefore, Chavez's claim in Ground 3C that his counsel was ineffective for failing to

7   adequately investigate Wendy Linares is unexhausted in state court.

8        Ground 4A

9        In Ground 4A, Chavez claims that his federal constitutional right to effective assistance of

10   counsel was violated because appellate counsel "was ineffective for failing to argue the State had

11   impermissibly exercised its peremptory challenges in a discriminatory manner on the basis of

12   gender."  First Amended Petition, p. 25.[5]  Chavez did not assert this claim on either his direct appeal

13   or the appeal in his state habeas action.  *See* Appellant's Opening Brief, Exhibit 42; Appellant's

14   Opening Brief, Exhibit 66; Appellant's Reply Brief, Exhibit 68.  Ground 4A is, therefore,

15   unexhausted in state court.  Chavez concedes as much.  *See* First Amended Petition, p. 25;

16   Opposition to Motion to Dismiss (ECF No. 22), p. 5.

17        Ground 4B

18        In Ground 4B, Chavez claims that his federal constitutional right to effective assistance of

19   counsel was violated because appellate counsel failed to argue that the jury instructions at trial were

20

21       [4]  This is not to say, however, that the affidavit is admissible as evidence in this federal habeas

22   action.  *See Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011) ("review under

23   § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

24       [5]  In Chavez's first amended petition, in the headings of Grounds 4A and 4B, there are references

25   to the performance of trial counsel.  *See* First Amended Petition, pp. 25, 27.  However, Ground 4,

26   overall, is clearly a claim of ineffective assistance of appellate counsel, and the arguments made in

Grounds 4A and 4B indicate that it is the performance of appellate counsel that is at issue.  *See id*. at 25-29.  The court, therefore, understands the references to trial counsel in the headings of Grounds 4A and 4B to be misstatements, and understands Grounds 4A and 4B to be claims of ineffective assistance of appellate counsel.

insufficient for the jury to adequately understand the meaning of "consent." *See* First Amended

Petition, pp. 27-29.  This claim is unexhausted in state court.  It was not raised on either Chavez's

direct appeal or the appeal in his state habeas action.  *See* Appellant's Opening Brief, Exhibit 42;

Appellant's Opening Brief, Exhibit 66; Appellant's Reply Brief, Exhibit 68.

Chavez argues that he raised the claim before the Nevada Supreme Court in the following

passage in the conclusion of his opening brief on the appeal in his state habeas action:

> In all, the failures and/or inadequacies of trial and appellate counsel, viewed within the contextual paradigm of ineffective assistance of counsel, can be summed up as the tacit failure to investigate the facts of this case, to prepare for trial, *e.g.*, study the elements of the offense and/or investigate relevant issues as they relate to the constitutional improprieties of the State's offered jury instructions, which deprived the Appellant of a fair trial and violated his constitutional rights.  Of special concern is trial counsel's insipid failure to focus on the issue of "consent" in the jury instructions.  Jury instructions are the road map that takes the jury's reasoning the direction that you want them to go.  No jury instruction on this *controlling issue* was proffered by trial counsel and none was even thought of on the most relevant issue necessary to eliminate the most serious charges levied.

Appellant's Opening Brief, Exhibit 66*,* pp. 42-43 (emphasis in original) (footnote omitted); *see also*

Opposition to Motion to Dismiss, p. 6.  This passage, however,  is ambiguous regarding whether

Chavez was faulting his trial counsel or his appellate counsel, or both, for failing to challenge the

jury instructions regarding "consent."  Moreover, this passage is part of the conclusion of the

opening brief; it appears to refer back to claims made elsewhere in the brief.  Nowhere in the brief

did Chavez make clear that he was making a claim of ineffective assistance of his appellate counsel

for failing to challenge the jury instructions regarding "consent."  *See* Appellant's Opening Brief,

Exhibit 66*,* pp. 1-3 (listing issues presented on appeal).  Ground 4B is unexhausted.

<u>Conclusion Regarding Exhaustion of Claims</u>

The court, then, finds Chavez's first amended petition to be "mixed," in that it contains both

claims exhausted in state court and claims not exhausted in state court.  The following of Chavez's

claims have been exhausted: Grounds 2, 3A, 3B, and 3C (to the extent based on trial counsel's

alleged failure to investigate Alma Pattarroyo).  The following of Chavez's claims are unexhausted:

1    Grounds 1, 3C (to the extent based on trial counsel's alleged failure to investigate Wendy Linares),

2    4A, and 4B.

3         <u>Motion for Stay</u>

4         Chavez requests, in his motion for stay, that this action be stayed pending his exhaustion in

5    state court of the claims in Grounds 1, 3C, 4A and 4B. *See* Motion for Stay (ECF No. 23).

6         In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the

7    discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of

8    claims in state court.  The *Rhines* Court stated:

9         [S]tay and abeyance should be available only in limited circumstances.  Because
granting a stay effectively excuses a petitioner's failure to present his claims first to
10         the state courts, stay and abeyance is only appropriate when the district court
determines there was good cause for the petitioner's failure to exhaust his claims first
11         in state court.  Moreover, even if a petitioner had good cause for that failure, the
district court would abuse its discretion if it were to grant him a stay when his
12         unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application
for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
13         of the applicant to exhaust the remedies available in the courts of the State").

14                           *   *   *

15         [I]t likely would be an abuse of discretion for a district court to deny a stay and to
dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
16         unexhausted claims are potentially meritorious, and there is no indication that the
petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances,
17         the district court should stay, rather than dismiss, the mixed petition.

18    *Rhines*, 544 U.S. at 277-78.

19         Later, in the context of the procedural default doctrine, the Supreme Court held,:

20         [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel
claim in a collateral proceeding, a prisoner may establish cause for a default of an
21         ineffective-assistance claim in two circumstances.  The first is where the state courts
did not appoint counsel in the initial-review collateral proceeding for a claim of
22         ineffective assistance at trial.  The second is where appointed counsel in the
initial-review collateral proceeding, where the claim should have been raised, was
23         ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

24    *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012).  In 2014, the Ninth Circuit Court of Appeals applied

25    *Martinez* to the showing of good cause required for exhaustion stays under *Rhines*.  "[W]e hold that

26    the *Rhines* standard for [ineffective-assistance-of-counsel]-based cause is not any more demanding

1   than the cause standard articulated in *Martinez*."  *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir.2014).

2   In *Blake*, the court of appeals instructed that ineffective assistance of state post-conviction counsel

3   can be good cause for a *Rhines* stay.  *Id*. at 983.  The court in *Blake* stated:

> The good cause element is the equitable component of the *Rhines* test.  It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court.  As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure.  *See* [*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)] ("A petitioner's reasonable confusion ... will ordinarily constitute 'good cause' [under *Rhines*] ....") (emphasis added)).  An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

9   *   *   *

> While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.

12   *Blake*, 745 F.3d at 982 (footnote omitted) (emphasis added).

13   Chavez argues that ineffective assistance of his state post-conviction counsel, in not asserting

14   the claims now found to be unexhausted, satisfies the good-cause requirement imposed by *Rhines*.

15   *See* Motion for Stay, pp. 10-15.

16   In Ground 4A, which is unexhausted in state court, Chavez claims that his federal

17   constitutional right to effective assistance of counsel was violated because appellate counsel "was

18   ineffective for failing to argue the State had impermissibly exercised its peremptory challenges in a

19   discriminatory manner on the basis of gender."  First Amended Petition, p. 25.

20   In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court held that the use of race-based

21   peremptory challenges to excuse prospective jurors violates the Equal Protection Clause of the

22   Fourteenth Amendment.  *Batson*, 476 U.S. at 89.  In *J.E.B. v. Alabama*, 511 U.S. 127 (1994), the

23   Court held that gender-based peremptory challenges also violate the Fourteenth Amendment.  *J.E.B.*,

24   511 U.S. at 130-31.  A challenge under *Batson* and *J.E.B.* involves a three-step analysis.  The party

25   claiming the violation must first make a prima facie case showing that the prosecution has engaged

26   in a discriminatory use of a peremptory challenge.  *J.E.B.*, 511 U.S. at 144-45; *Batson*, 476 U.S. at

96-97. Second, once the claimant has established a prima facie case, the burden shifts to the

prosecutor to articulate a race-neutral or gender-neutral explanation for the challenge. *Batson*, 476

U.S. at 97-98; *J.E.B.*, 511 U.S. at 145. Third, the trial court must determine whether the defendant

has established purposeful discrimination. *Batson*, 476 U.S. at 98.

      Chavez has submitted, as exhibits in this case, the transcripts of his trial, showing the basis

for the *Batson/J.E.B.* claim that he asserts should have been raised on his direct appeal by his

appellate counsel. The transcripts show that the State used peremptory challenges to excuse

potential jurors Christopher Ward and Willie Daniels, both of whom were young men. *See* Exhibit

28, p. 45 (excusing potential juror Christopher Ward); Exhibit 28, p. 62 (excusing potential juror

Willie Daniels). In response to objections by the defense, the prosecutor stated:

> In terms of Mr. Daniels, Judge, Ms. Pandukht [the other prosecutor] and I did
> not want any young males on our jury; specifically, between the ages of 18 and 25, or
> what we perceived was they were 18 to 25. Mr. Kyle Askew [another potential juror]
> was on our list to exercise our peremptory. However, the Defense did it before we
> had a chance.

> The reason why we waived the next one is because we thought, well, maybe
> they're excluding young males as well, so we thought let's give them a chance to
> exclude Mr. Daniels. And that was pure strategy, Judge. After they did not exclude
> the other young male, then we excluded him.

> We also excluded Mr. Ward, who was a young male. The reason for that,
> Judge, this case involves pornography. It's the State's position that perhaps younger
> males may be more inclined to watch pornography, or be involved in it, or at least
> have a closer connection with it in the sense that they may be in college, or just
> getting out of college, *et cetera*.

> We did not want that to be an issue in this case, and that's why we let
> Mr. Daniels go.

Reporter's Transcript of Jury Trial, December 2, 2008, Exhibit 28, p. 135. The prosecutor also

stated:

> [W]e didn't want any younger males because of the pornography. Certainly, Judge,
> that's not a systematic exclusion of any particular group. It wasn't just males, and it
> wasn't just young people, it was both combined.

*Id*. at 137. Defense counsel argued in response: "[T]he State had stated that their policy was to

exclude males 18 to 25, and we would argue that that policy in itself violates due process." *Id*. at

10

136.  The trial court ruled that there was no *Batson* violation.  *Id*. at 140; *see also* Order of

Affirmance, Exhibit 71, p. 10 (Nevada Supreme Court, on the appeal in Chavez's state habeas

action, ruled that Chavez's trial counsel "challenged the dismissal of these jurors based on their

gender and the district court denied that challenge").

The prosecutor's explanation for the State's use of peremptory challenges to strike potential

jurors Ward and Daniels was not gender-neutral; rather, the peremptory challenges were expressly

motivated, at least in part, by the gender of the potential jurors.  It appears to this court, therefore,

that, on Chavez's direct appeal, there might have been viable grounds for appellate counsel to assert

a *Batson/J.E.B.* claim based on the peremptory challenges of potential jurors Ward and Daniels

because of their gender.  Arguably, appellate counsel might have provided ineffective assistance of

counsel by not making such a claim.[6]

Chavez initiated his state habeas action *pro se*.  In his original *pro se* state habeas petition,

Chavez asserted that his federal constitutional rights were violated by the State's exclusion of males

18 to 25 from the jury.  *See* Petition for Writ of Habeas Corpus, Exhibit 48, pp. 9-12.  In response,

the State argued that such a claim should have been raised on direct appeal, and the failure to raise it

on direct appeal constituted a waiver of the claim.  *See* State's Response to Pro Per Petition for Writ

of Habeas Corpus, Exhibit 51, p. 3.  Subsequently, after Chavez's post-conviction counsel appeared

on his behalf in the state habeas action, despite being put on notice by the State that the

*Batson*/*J.E.B.* claim was arguably waived because it was not asserted on Chavez's direct appeal,

post-conviction counsel did not assert a claim, either in the state district court or before the Nevada

Supreme Court, that Chavez's appellate counsel was ineffective for failing to assert the

*Batson*/*J.E.B.* claim.  *See* Supplemental Points and Authorities in Support of Post-Conviction Writ,

Exhibit 57; Appellant's Opening Brief, Exhibit 66; Appellant's Reply Brief, Exhibit 68.

---

[6]  Of course, the court does not here rule on the merits of any such claim.  The question of the merits of this possible claim of ineffective assistance of appellate counsel is not before the court.  The court here rules only that Chavez has made a sufficient showing of a viable claim to support his arguments that ineffective assistance of his state post-conviction counsel was cause for his failure to exhaust the claim earlier, and that the claim is not plainly meritless.

1    Under these circumstances, the court finds that Chavez has made a sufficient showing that

2  ineffective assistance of his state post-conviction counsel was good cause for his failure to exhaust,

3  in his state habeas action, the claim that is Ground 4A in his first amended petition in this action.

4  The claim in Ground 4A is potentially meritorious.  And, there is no indication that Chavez has

5  engaged in intentionally dilatory litigation tactics.  The court will grant Chavez's motion for stay,

6  and will stay this action pending his exhaustion of claims in state court.[7]

7    The court's intention is that this will be the last time that the court imposes a stay to facilitate

8  Chavez's exhaustion of claims in state court.  Chavez must exhaust all his unexhausted claims in

9  state court during the stay imposed pursuant to this order.

10    **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 20) is

11  **GRANTED IN PART AND DENIED IN PART**.  The motion to dismiss is granted to the extent

12  that the court finds Grounds 1, 3C (to the extent based on trial counsel's alleged failure to investigate

13  Wendy Linares), 4A, and 4B to be unexhausted in state court; in all other respects, the motion to

14  dismiss is denied.

15    **IT IS FURTHER ORDERED** that petitioner's Motion to Stay and Abey Proceedings

16  (ECF No. 23) is **GRANTED**.  This action shall be stayed, while petitioner exhausts, in state court,

17  all his unexhausted claims for habeas corpus relief.  The clerk of the court shall administratively

18  close this case.

19    **IT IS FURTHER ORDERED** that, within 45 days from the entry of this order, petitioner

20  shall initiate proceedings in state court to exhaust his unexhausted claims.

21    **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court

22  proceedings, petitioner shall, within 30 days, make a motion to lift the stay of this action.

23

24

25

26    [7] *Rhines* does not suggest that every unexhausted claim in a petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted.  If a stay is warranted with respect to a single claim, the court need not conduct a claim-by-claim analysis under *Rhines* regarding the remaining unexhausted claims.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this 27th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE