UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDILFREDO CHAVEZ,

    Petitioner,

vs.

ROBERT LeGRAND, et al.,

    Respondents.

_____/

3:14-cv-00373-RCJ-VPC

ORDER

Introduction

In this habeas corpus action, the respondents have filed a motion to dismiss, arguing that four of the claims in Edilfredo Chavez's amended habeas petition are barred by the procedural default doctrine. The parties have completed their briefing of the motion to dismiss. The Court will grant the motion in part and deny it in part, and will dismiss two of Chavez's claims as barred by the procedural default doctrine.

Background

On March 19, 2009, Chavez was convicted, and sentenced as follows, after a jury trial in Nevada's Eighth Judicial District Court, for crimes committed against his wife's young sister: Count 1, sexual assault with a minor under fourteen years of age, 420 months to life in prison; Count 3, sexual assault with a minor under fourteen years of age, 420 months to life in prison, consecutive to the sentence on Count 1; Count 4, sexual assault with a minor under fourteen

years of age, 420 months to life in prison, concurrent with the sentence on Count 3; Count 11, statutory sexual seduction, 12 to 32 months in prison, concurrent with the sentence on Count 4; Count 13, statutory sexual seduction, 12 to 32 months in prison, concurrent with the sentence on Count 11; Count 15, statutory sexual seduction, 12 to 32 months in prison, concurrent with the sentence on Count 13; Count 16, lewdness with a child under the age of fourteen, 120 months to life in prison, concurrent with the sentence on Count 15; Count 19, lewdness with a child under the age of fourteen, 120 months to life in prison, concurrent with the sentence on Count 16; Count 20, use of a minor in producing pornography, 60 months to life in prison, concurrent with the sentence on Count 19; Count 21, use of a minor in producing pornography, 60 months to life in prison, concurrent with the sentence on Count 20; Count 22, possession of a visual presentation depicting sexual conduct of a child, 12 to 36 months in prison, concurrent with the sentence on Count 21; and Count 23, possession of a visual presentation depicting sexual conduct of a child, 12 to 36 months in prison, concurrent with the sentence on Count 22. *See* Judgment of Conviction, Exhibit 37 (ECF No. 16-5).

Chavez appealed, and the Nevada Supreme Court affirmed on May 12, 2011. *See* Order of Affirmance, Exhibit 45 (ECF No. 16-13).

On March 5, 2012, Chavez filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Exhibit 48 (ECF No. 16-16). Counsel was appointed for Chavez, and, with counsel, he filed supplemental points and authorities in support of his habeas petition. *See* Supplemental Points and Authorities in Support of Post-Conviction Writ, Exhibit 57 (ECF No. 17-6). The state district court held an evidentiary hearing on December 18, 2012. *See* Reporter's Transcript of Evidentiary Hearing, Exhibit 59 (ECF No. 18). The state district court denied the petition in a written order entered on February 7, 2013. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 61 (ECF No. 18-2). Chavez appealed, and the Nevada Supreme Court affirmed on June 24, 2014. *See* Order of Affirmance, Exhibit 71 (ECF No. 19-4).

On July 17, 2014, this Court received Chavez's *pro se* federal petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus (ECF No. 4). The Court appointed counsel for Chavez. *See* Order entered July 31, 2014 (ECF No. 3). With counsel, Chavez filed a first amended habeas petition -- now the operative petition -- on December 23, 2014 (ECF No. 9). Chavez's amended petition includes seven claims, designated Grounds 1, 2, 3A, 3B, 3C, 4A and 4B.

On February 19, 2015, respondents filed a motion to dismiss (ECF No. 20), contending that Chavez's amended petition included claims not exhausted in state court. On May 7, 2015, Chavez filed a motion for stay, requesting a stay of this case while he exhausted claims in state court (ECF No. 23). On July 27, 2015, the Court ruled on those motions, granting the motion to dismiss in part and denying it in part, and granting the motion for stay (ECF No. 33). The Court determined that certain of the claims in Chavez's amended petition were unexhausted in state court, and stayed the action pending Chavez's further state-court proceedings.

On September 14, 2015, Chavez initiated a second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 74 (ECF No. 40-1). The state district court denied that petition in a written order filed on December 21, 2015, ruling that the petition was barred by the state-law statute of limitations (NRS 34.726(1)) and rule regarding successive petitions (NRS 34.810(2)). *See* Findings of Fact, Conclusions of Law and Order, Exhibit 80 (ECF No. 40-7). Chavez appealed, and the Nevada Court of Appeals affirmed on August 17, 2016. *See* Order of Affirmance, Exhibit 86 (ECF No. 40-13).

On October 13, 2016, Chavez moved to lift the stay of this case, informing the Court that his further state-court proceedings had been completed (ECF No. 39), and the Court granted that motion, and lifted the stay, on December 12, 2016 (ECF No. 43).

On April 11, 2017, the respondents filed the motion to dismiss that is now before the Court (ECF No. 46). Chavez filed an opposition to the motion to dismiss on June 9, 2017 (ECF No. 47). Respondents replied on July 7, 2017 (ECF No. 48).

Discussion

## Motion to Dismiss

In their motion to dismiss, respondents argue that Grounds 1, 3C, 4A and 4B of Chavez's first amended petition are barred by the procedural default doctrine and should be dismissed.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

Chavez did not assert any of Grounds 1, 3C (in part), 4A and 4B on his direct appeal or the appeal in his first state habeas action. *See* Appellant's Opening Brief, Exhibit 42 (ECF No. 16-10); Appellant's Opening Brief, Exhibit 66 (ECF No. 18-7); Appellant's Reply Brief, Exhibit 68

(ECF No. 19-1); *see also* Order entered July 27, 2017 (ECF No. 33). Chavez did assert those claims in his second state habeas action (*see* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 74 (ECF No. 40-1)), but, in that case, the state district court and, ultimately, the Nevada Court of Appeals, ruled the claims barred by the state-law statute of limitations (NRS 34.726(1)) and the state-law rule regarding successive petitions (NRS 34.810(2)). *See* Findings of Fact, Conclusions of Law and Order, Exhibit 80 (ECF No. 40-7); Order of Affirmance, Exhibit 86 (ECF No. 40-13).

Chavez does not make any argument that either the state-law statute of limitations, NRS 34.726(1), or the state-law rule regarding successive petitions, NRS 34.810(2), is inadequate to support application of the procedural default doctrine, or that either of those rules was applied in state court in a manner not independent of the merits of the claim.

Nor does Chavez make any argument that the procedural default doctrine is inapplicable because he is actually innocent.

Therefore, the question whether Grounds 1, 3C, 4A and 4B are barred as procedurally defaulted, and subject to dismissal, turns on the question whether Chavez can show cause and prejudice with respect to the procedural defaults.

<u>Grounds 1 and 3C</u>

In Ground 1 of his first amended petition, Chavez claims that "[t]rial counsel rendered ineffective assistance of counsel, under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to adequately advise Chavez of the dangers of non-acceptance of the State's plea offer." First Amended Petition (ECF No. 9), p. 9. In Ground 3C, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because "[t]rial counsel was ineffective when he failed to conduct an adequate investigation." *Id.* at 23. Specifically, Chavez claims that his counsel did not adequately investigate potential defense witnesses Alma Pattarroyo and Wendy Linares. *See id.* at 23-25.

Chavez argues that ineffective assistance of counsel in his first state habeas action was cause for his procedural default of these claims. *See* Opposition to Motion to Dismiss (ECF No. 47).

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 132 S.Ct. at 1319. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.*

The Court determines that Chavez's argument based on *Martinez* raises the question of the merits of Grounds 1 and 3C, and that, as a result, the matter of the procedural default of these two claims will be better addressed after respondents file an answer, and Chavez files a reply. The Court will deny respondents' motion to dismiss as to Grounds 1 and 3C, without prejudice to respondents asserting their procedural default defense to these claims, along with their position on the merits of the claims, in their answer.

### Grounds 4A and 4B

In Ground 4A, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because his appellate counsel "was ineffective for failing to argue the State had impermissibly exercised its peremptory challenges in a discriminatory manner on the basis of gender." First Amended Petition, p. 25. In Ground 4B, Chavez claims that his federal constitutional right to effective assistance of counsel was violated because appellate counsel failed to argue that the jury instructions at trial were insufficient for the jury to adequately understand the meaning of "consent." *See id.* at 27-29.

As the Court understands Chavez's argument, he argues, citing *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), that the ineffective assistance of appellate counsel that is the subject of his

claims was itself the cause of the procedural default of the claims. *See* Opposition to Motion to Dismiss (ECF No. 47). That argument is unsupported by *Nguyen*, and is specious. *Nguyen* addressed the question whether ineffective assistance of counsel in a state post-conviction action could function as cause, under *Martinez*, to overcome the procedural default of a claim of ineffective assistance of direct appeal counsel; *Nguyen* did not suggest that the same ineffective assistance of direct appeal counsel that is the subject of a petitioner's claim can also function as cause for the procedural default of the claim. *See Nguyen*, 736 F.3d at 1289 ("The question before us is whether *Martinez* applies to the failure to raise not only a claim of trial-counsel IAC, but also a claim of appellate-counsel IAC."). Chavez cites no authority -- and the Court knows of none -- supporting the proposition that the same ineffective assistance of direct appeal counsel that is the subject of a claim can also function as cause for the procedural default of the claim. Such a rule would effectively eviscerate the procedural default doctrine with respect to claims of ineffective assistance of appellate counsel.

Moreover, the actual holding of *Nguyen* does not help Chavez. In *Nguyen*, the Ninth Circuit Court of Appeals extended *Martinez* to procedurally defaulted claims of ineffective assistance of appellate counsel. *Nguyen*, 736 F.3d at 1293-96. However, the Supreme Court subsequently held that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel, abrogating that holding in *Nguyen*. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

Grounds 4A and 4B are procedurally defaulted, and Chavez makes no showing of cause and prejudice to overcome those procedural defaults. Respondents' motion to dismiss will be granted with respect to Grounds 4A and 4B.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART**. Grounds 4A and 4B of petitioner's First Amended Petition (ECF No. 9) are dismissed as barred by the procedural default doctrine; in all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that within 90 days from the entry of this order, respondents shall file an answer, responding to the remaining claims in petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 9). In all other respects, the schedule for further proceedings set forth in the order entered December 12, 2016 (ECF No. 43) shall remain in effect.

Dated this 29 day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE